HASTINGS & *al.*, *Appellants, versus* DANIEL CLIFFORD & *ux.*

By the R. S. c. 95, a widow who elects to take the provision made for her in her husband's will, has no right also to dower in his estate, unless it plainly appear by the will to have been the testator's intention that she should have both.

When not entitled to both, she will be considered as accepting the provisions made in the will, unless, within six months from the probate of the will, she waives such provision.

A delay of more than six months to make the election, is to be considered an acceptance of the provsions made for her in the will, and constitutes a bar to her right of dower.

But if she " be deprived of the provision made for her by the will," she is entitled to dower, as if no such provision had been made. R. S. c. 95, section 14.

To confer such right of dower, it is not necessary that there be a total privation of the provision made for her in the will. It is sufficient, if there be a privation of a substantial part of it.

But whether, in case of a failure in the provision made for her by the will, she be entitled to dower, if, before the expiration of said six months, she knew of such failure, and made no election to claim the dower, *quære ?*

APPEAL from a decree of the Judge of Probate, assigning dower to Hannah Hastings, the widow of James Hastings, and also an allowance of $465, out of the personal estate. Said James Hastings made a will, which was duly approved on the last Tuesday of March, 1847. On the thirtieth day of May, 1848, said Hannah was appointed executrix of said will. On the same day, in the Probate Court, she waived the provisions made for her in the will, and claimed dower in the real estate, and also petitioned for an allowance out of the personal estate, more than she would be entitled to as her distributive share. After preliminary proceedings duly had, the Judge of Probate caused dower in the real estate to be assigned to her, and also made her an allowance of $465, out of the personal estate. All the other facts, necessary to a full understanding of the case, are contained in the opinion of the court.

The reasons stated for the appeal are —

1st. That the Judge erred in allowing said sum out of said

personal estate, because the said Hannah did not, within six months after the probate of the will of the said James Hastings, elect to waive the pecuniary provision made for her by said will.

2d. That said Judge erred in allowing the said Hannah Hastings to have dower as aforesaid, because the said Hannah did not within six months after the probate of said will make her election to claim said dower.

WELLS, J. — It does not appear by the will of James Hastings, the testator, that he intended that his wife should receive the bequests in his will, in addition to her dower. It must so appear, by our statute, which has altered the rule of the common law, to entitle her to the provision in the will, and her dower also. It is not contended on her part that she has a right to both, but that she is not barred of her dower, although she made no election within six months from the probate of the will.

The statute, chap. 95, sect. 13, provides " where any such provision shall be made in the will of a husband, for the widow, she shall within six months after probate of the will, make her election, whether to accept it or claim her dower ; but shall not be entitled to both, unless it appears by the will, that the testator plainly so intended." It does not say what shall be the consequence if she makes no election.

By the statute of 1783, chap. 24, sect. 8, " the widow, in all cases, may waive the provision made for her in the will of her deceased husband, and claim her dower," &c. This act has been construed to require an election by the widow before she can be entitled to her dower. *Reed* v. *Dickerman*, 12 Pick. 146.

The statute of 1821, chap. 38, sect. 15, enacts, that " the widow in all cases may waive the provision made for her in the will of her deceased husband, and claim her dower," &c. This language implies that the claim of dower depends upon the waiver of the provision in the will.

And it is not probable that the Legislature intended to

change the law in that respect by the Revised Statutes. If such intention had existed, it would be expected that it would have been expressed in terms different from those employed. The widow takes the provision in the will, unless she renounces it, and as she cannot have both the provision and the dower, without some act of renunciation, she must be understood as relinquishing her claim to dower. Such construction was given to a similar statute in Massachusetts. *Thompson* v. *McGaw*, 1 Metc. 66.

The delay of the widow to elect would constitute a bar to dower, unless her case falls within the provisions of the fourteenth section of chap. 95. By that it is enacted, that "if a woman be lawfully evicted of lands assigned to her as dower, or settled upon her as a jointure, or be deprived of the provision made for her by will, or otherwise, in lieu of dower, she may be endowed anew in like manner, as though no such assignment or provision had been made." By this section, if she has been deprived of the provision made for her by will, she may be endowed anew. The law confers no power upon its tribunals to direct a pecuniary equivalent to be paid to the widow, even if the estate were sufficient to authorize its exercise, for the provision of which she may have been deprived, but remits her to her dower. An actual or implied acceptance of the provision, which subsequently fails, or of which she is deprived, lets her into her claim of dower. She may be deprived of it by the insolvency of the estate, or want of title to it on the part of the testator, or by a different disposition made of it by him in his lifetime. If the husband should give to his wife by will a note for a thousand dollars, against a third person, and before his death should collect the note, he would thereby deprive her of what he had given to her. There would be ostensibly a provision made for her, but in reality none.

By his will, James Hastings gave to his wife with other bequests, "two notes of hand, one against the town of Brewer, dated June 24, 1831, of three hundred and eighteen dollars and twenty-two cents, signed by Watson Holbrook, treasurer,

the other against Thomas Drew, as principal, and F. and I. S. Whitman, sureties, of six hundred dollars, dated March 9, 1834." The notes returned in the inventory of the estate were, one against the town of Brewer for one hundred dollars, and one against Thomas Drew for one hundred and seventy-six dollars and thirty-eight cents, and it does not appear that there were any other notes belonging to the estate. The appraisers estimate the value of the note against Drew at fifty per cent. The notes inventoried fall short in amount to those named in the will, in the sum of six hundred and forty-one dollars and eighty-four cents. There was then a very material deficiency in this part of the provision made for the wife, and she was deprived of what was expressly given to her in the will. There was not an entire failure of the provision in the will, but of a substantial part of it. Her implied acceptance must be presumed, in the absence of any proof to the contrary, to have been made upon the belief, that the will truly expressed the provision made for her. No proof has been adduced, that she had any knowledge of the deficiency within six months from the probate of the will. The will was approved in March, 1847. The widow was appointed executrix in May, 1848, and at the same time returned the inventory of the estate, and waived the provision made for her in the will.

The inventory bears date, July 2, 1847, but it does not appear, that the widow had any knowledge of it, until she returned it to the Probate Court. She was under no obligations to procure it to be made before she was appointed executrix. What agency she had in it does not appear, nor that she took any part personally in having it made, nor had within six months from the probate of the will any information of its contents. Her acceptance by implication of the provision in the will must therefore be viewed, as having taken place under a misapprehension as to what she was to receive, a mistake arising not from any fault on her part, but from the exhibition in the will of a provision, which could not be obtained. She does not appear to have been guilty of any neglect in waiving the provisions made for her in the will

and claiming dower, after obtaining information of the deficiency, and she must be considered as entitled to her dower. 2 Story's Eq. Jur. § 1098; *Kedney* v. *Coussmaker*, 12 Ves. Jr. 136; *Wake* v. *Wake*, 1 Ves. Jr. 335; *Thompson* v. *McGaw*, before cited; 1 Roper, Husband & Wife, 584.

The Judge of Probate made an allowance to the widow of four hundred and sixty-five dollars out of the personal estate. As she can take nothing under the will, the personal property, not disposed of by it, exceeds the amount of the allowance, and the Judge had power by the statute, c. 93, § 15, to make such allowance to her. What was allowed to her is not wanted for the payment of debts. The whole of the real estate is valued in the inventory at eleven hundred dollars, and its income by the commissioners appointed to set off her dower at one hundred dollars a year. The one third of the real estate would not furnish her with sufficient means of support, and the allowance cannot be considered as unreasonable under the circumstances of the estate.

The decrees of the Judge of Probate are affirmed, and the case is remitted to that court for further proceedings.

*Hobbs*, for the appellants.

*A. Sanborn*, for the appellees.