OTIS BUBIER & ux. versus NATHANIEL ROBERTS.

A deed of lands made by a husband to his wife, during the coverture, the consideration named being "love and esteem," does not bar her of dower in his remaining lands, unless his intention to do so is expressed in the deed.

Facts outside of the deed, proved by parol evidence, are insufficient to bar the wife of her dower, unless there is proof of a direct and explicit declaration, or its equivalent, by the husband, at the time of the execution and delivery of the deed, that, if received and retained, it should be in lieu of dower.

But, it seems, if it is clearly shown that the husband in his life time made a jointure or pecuniary provision for his wife in lieu of dower, and that she had full knowledge of it, although she did not accept it at the time in satisfaction of her right of dower, she will be bound thereby, unless, within six months after her husband's decease, she elects not to do so, and files a certificate of her election in writing in the probate office.

THIS was an ACTION OF DOWER in behalf of Jane Bubier, the present wife of Otis Bubier, as the widow of Thomas Grover, deceased, to recover her dower in lands held by the defendant.

It appears that Thomas Grover, a few days before his death, in January, 1858, conveyed to his wife Jane all his personal property, and fifty acres from the east end of his farm, by deed drawn by one Coombs, in consideration of "love and esteem," &c.; and at the same time conveyed another lot of land to his only daughter, Eliza, and a third lot to his adopted son, Henry Grover. Henry Grover conveyed to the defendant by deed dated April 10, 1858.

The defendant pleaded that the deceased, in his life time, made a jointure and pecuniary provision for his wife Jane, in lieu of dower, and that she did not, within six months after the death of her husband, elect to waive the said provision or jointure and claim her dower.

The testimony of Coombs and other witnesses tended to prove that the wife was present when the deed and other papers were made, and said "she was satisfied with it, if it would stand law, but should not put her name to it."

Jane Bubier, one of the plaintiffs, testified that she was

Bubier *v.* Roberts.

told, at the time the papers were made, that she could hold her dower in the remaining land, and that she made no agreement to accept the property conveyed in lieu of dower.

MAY, J., presiding, instructed the jury, that if they were convinced that the deceased intended the property conveyed to his wife to be in lieu of her dower in the lands now held by the defendant, and in full satisfaction therefor, and that the wife had full knowledge thereof, and accepted it as such, and did not, within six months after her husband's decease waive the provision thus made for her, by writing filed in the Probate Court, she would not be entitled to recover.

The jury rendered a verdict "that the husband of the demandant, (Thomas Grover,) died seized in fee simple of the premises described in the plaintiff's writ;" and "that the said demandant did not receive the premises and personal property described in the defendant's plea in bar, in lieu of dower in the premises described in the plaintiff's writ and declaration." The jury, in answer to a question put to them by the Court, further returned, that they could not agree whether Thomas Grover intended to convey the described property to his wife in lieu of dower, but found that she did not so accept it.

The defendant filed exceptions to the ruling of the Court, and a motion that the action be dismissed, because Bubier, the present husband, could not join in it with his wife in demanding her dower in lands of her former husband.

*Tallman & Larrabee,* in support of the exceptions, argued, that the evidence clearly proved the intention of the deceased to be, that the property conveyed to his wife should be in lieu of dower in his remaining estate. And, if so, it is of no consequence whether she accepted it as such or not, if she has not, within six months after her husband's death, elected to waive the provision made for her, and filed it in the Probate Court. R. S., c. 103, § 11.

It is not necessary that the provision made should be expressly stated to be in bar to dower; it is sufficient if it can be collected from the instrument that such was the intention.

Greenl. Cruise, title Jointure, c. 1, § 29. Or, if it can be fairly collected from the circumstances. Ib., § 18, note 1. This refers to a jointure made before marriage, under the statute of 27 Henry 8, c. 10, which is in force here. By the same statute, in case of provision made after marriage, the wife may, after her husband's death, refuse the jointure and demand dower. Ib., c. 1, § 21.

Our statute changes the rule, the old statute making the provision a bar to dower if the widow accepted it; but now it is a bar unless she expressly rejects it.

The jury were misled by the instructions of the Judge, which were erroneous in making it necessary, in order to bar the right of dower, for the wife to *accept* the provision made; whereas, by our statute, it is a bar unless she *rejects* it within the time limited.

*N. Cleaves,* for the plaintiff.

The opinion of the Court was drawn up by

KENT, J.—The plaintiff is entitled to dower in the premises described in her writ and declaration, unless she is barred by the acceptance of the deed from her husband, of the 5th of January, 1858. This deed was executed a few days before the death of the husband, and on the same day that he conveyed all the remainder of his estate to his children.

The consideration named in the deed to the plaintiff, is "love and esteem to my dear wife." It conveys fifty acres of land and all the personal property on the farm, but it contains no declaration of any intent on the part of the husband that the conveyance was, or should be in lieu of dower, or operate as a jointure or provision for the wife, to bar her of her dower.

The defendant, by his plea in bar, alleges that this deed was executed and delivered "as a jointure and pecuniary provision to bar her dower, and in lieu of dower in all his real estate." This is denied in the replication, and reaffirmed in the rejoinder, and on this point issue is joined.

Bubier v. Roberts.

Before the enactment of the R. S. of 1841, no jointure, in this State, would prevent the widow from claiming dower, unless it was made *before* marriage and with the consent of the intended wife. *Vance* v. *Vance*, 21 Maine, 364.

Since that decision several other provisions have been incorporated into the statute in relation to dower. c. 95, R. S. of 1841; c. 103, R. S. of 1857.

A woman may be barred of her dower by a jointure, settled on her with her consent before marriage — such jointure to consist of a freehold estate in lands for the life of the wife, at least, to take effect immediately on the husband's death.

This deed cannot be regarded as a jointure, within this section, for it was made *after* marriage.

Another provision of the statute is, that a pecuniary provision, made for the benefit of an *intended* wife, consented to by her, as in the case of jointure, shall bar her right of dower in her husband's land. This case is not within that provision.

Another section (§ 11) enacts, "that if such jointure or pecuniary provision is made before marriage, without the consent of the intended wife, or, *if made after marriage*, it shall bar her dower, unless, within six months after the husband's death, she makes her election to waive such provision, and files the same in writing in the Probate Court.

It is claimed that the deed to the wife, and the transactions at the time of its execution and delivery, bring it within the terms and intentions of this provision, and thus make it a bar to dower in the other lands of the husband.

The next section (§ 12) is as follows: — "When a specific provision is made in her husband's *will* for the widow, within six months after probate thereof, she shall make her election, whether to accept it or claim her dower; but shall not be entitled to both, unless it appears by the will that the testator plainly so intended."

If the husband had made the same disposition of his property in and *by a will* (as was first proposed on the 5th of Jan-

uary,) that he did make by the several deeds which he gave on that day to his wife and children, it is very clear that the wife would have been put to her election whether to accept the provision in the will or to claim dower. It is not necessary that there should be a distinct declaration in a will that the provision is in lieu of dower. The rule of the common law is, that a devise or bequest to a widow is presumed to be in *addition* to her dower, unless it *clearly* appears that it was the intention of the testator that it should be in lieu of dower. Our statute has essentially changed the rule in this, that the provision in favor of the wife, in the will, will be regarded as a bar to dower, if not refused, unless it *plainly* appears that the testator intended that she should have both. *Reed* v. *Dickerman*, 12 Pick., 145 ; *Hastings* v. *Clifford*, 32 Maine, 132. But the intention in both cases may be gathered from the will and its provisions, without any formal language expressing the intention.

This is not the case of a will. But, it may be asked, if the same rule is not to apply where it can be satisfactorily proved that *deeds* were made instead of a *will*, and that it was the grantor's intention to make a disposition of his whole estate, and to give a part to each, and that this intention was understood by the wife when she accepted her deed?

It is evident that under § 11 a jointure or pecuniary provision may be made *after* marriage, which will be a bar unless rejected by the widow within six months after the death of the husband. This conveyance to the wife cannot be termed a "*pecuniary* provision," within the meaning of the statute. It is not a grant of an annuity, or rent, or a provision for the payment of money, at any time. It is a conveyance, in fee simple, of a lot of land, without condition or limitation, and an absolute gift of certain personal property. It is not a "provision" for the future support, in whole or in part, of the wife or widow ; for she might have disposed of the whole the next day by gift. It is not "pecuniary," for it has no reference to money.

Can it be regarded as a jointure settled on the wife after

marriage. It is of a freehold estate in lands, for the life of the wife, at least. It took effect as early as "on the husband's death." These are the requirements as to the nature of the estate by which a jointure is settled on a wife, according to § 9.

But was this estate, thus settled, a "jointure?" For it is only a "jointure" or pecuniary provision that will bar the claim for dower under this section. The term "jointure" has been long known in the law, and has had a distinct and well understood meaning since the enactment of the statute, 27 Henry 8, c. 10. It is thus defined in Jacobs' Law Dict. :—"Jointure, is a settlement of lands and tenements made to a woman in consideration of marriage, or it is a covenant whereby the husband, or some friend of his, assureth to the wife lands or tenements for the term of her life." The several things to be observed are thus indicated :—1, Must be for life of wife, at least; 2, Must commence presently after the decease of the husband; 3, Must be for herself and to no one in trust for her; 4, *It is to be expressed to be in satisfaction of her whole dower and not a part of it*; 5, It may be made before or after marriage.

The deed in this case is a common deed of warranty. The only consideration expressed, is "love and esteem." It is simply a deed of gift, without limitation or condition. Our recent statute gives effect to such a deed from a husband directly to his wife, as has been decided in *Johnson* v. *Stillings*, 35 Maine, 427, and other cases.

A gift, donation or gratuity from husband to wife, during the life of both, cannot operate as a bar to dower, unless given with a condition to that effect, or granted as a jointure. *Reed* v. *Dickerman*, 12 Pick., 148.

There is no declaration in this deed, of any purpose or intent in relation to dower. Nothing is found in it, from which can be inferred that it was intended as a jointure or pecuniary provision in lieu of dower.

If it be granted that it is not absolutely necessary that the provision should be expressly stated to be in lieu or bar

of dower; yet the authorities seem to require that the intention of the provision must be collected from the terms of the instrument. There are several cases, where, by provision of the husband, a wife may be barred of dower, where the old common law would not bar her; as by personal estate, where the instrument is so framed as to import a jointure, or, what is a bar in the nature of jointure, whether directly expressed or not. *Walker* v. *Walker*, Betts' Supp. to Vesey, Sen., 43. But a bare devise of land, without more, will not be held as such bar. *Ibid.*

The case of *Tinney* v. *Tinney*, 3 Atk., 8, was where the heir insisted that a bond in a penalty, in trust to secure to the wife of the obligors £400, in case she survived her husband, was intended at the time in lieu of dower, and that she acknowledged it to be so, and he offered to read evidence of her acknowledgment. The Lord Chancellor said, "I am of opinion that parol evidence cannot be allowed, being within the statute of frauds. A general provision for a wife is not a bar to dower, unless expressed to be so." 2 Eden, 60.

It is unnecessary to determine in this case whether any facts outside of the deed itself could be admitted to show that the same was intended as a jointure or provision in lieu of dower. It is quite certain that nothing less than a direct and explicit declaration, or its equivalent, at the time of the execution and delivery, made to the wife, that the deed was intended to be in lieu of dower, or that it was delivered on condition that, if received and retained, it should be a bar of her dower, could have that effect.

This is evident, from the language of this section of the statute, which makes the jointure or provision an absolute bar of dower, unless the widow, within six months after the death of the husband, makes her election to waive such provision, and files the same in writing in the Probate Court.

The jointure or provision must be so declared or manifested, that the widow may know what is the provision in lieu of her dower, on which her election is to be made. It

must not rest in a probable or possible intention, to be gathered from circumstances and extrinsic facts alone, whilst the deed or instrument is entirely silent on the subject, and contains no language from which such provision could be inferred. The time is short and the condition absolute. The wife must, in common justice, know that the provision is made in lieu of dower, before she can be called upon to elect between it and her legal dower. A husband might, otherwise, give his wife a deed, as a gift, of a small parcel of his land, without any allusion by him of his intent to have it regarded as a bar to dower, and the wife might accept it regarding it as a simple gift, and yet, after his death, it might be set up as a jointure or provision in lieu of dower, when six months had elapsed from the death of the husband, and the wife thus be deprived of her dower in a large and valuable estate.

The statute evidently intends that the jointure or provision shall be clearly declared and defined, so that there can be no mistake that the husband intended the provision to be *in lieu* of dower, and that the wife had notice and fully understood the nature and condition of the conveyance, and that, if she did not waive it within six months after her husband's death, it would bar her dower.

His intention, without her knowledge, or means of knowledge which she was bound to use, would not be sufficient.

In equity, a bar cannot be set up, unless it is shown that the provision "was designed and accepted in lieu of, or as an equivalent for dower." *O'Brien* v. *Elliot*, 15 Maine, 127.

In the case at bar, even if we go so far as to disregard the doctrine that the deed itself, and alone, is to control, we find nothing in the evidence (the whole of which is reported) which would justify a Court or jury in finding that the transactions, at the time of giving the deed or since, amounted to a jointure or pecuniary provision in lieu or in bar of dower, within the rules and principles before stated.

It is unnecessary to examine particularly the rulings of the Judge, as it is evident that they were at least as favora-

ble to the defendant as the law would justify, on the point in reference to the intention of the husband.

If the case had shown clearly that the husband *had* made a jointure or pecuniary provision for his wife, in his life time, and that the wife had full knowledge of it, she might have been bound thereby, although she did not at the time accept the same in full satisfaction for her dower, if she did not, within six months after her husband's death, file her election in the Probate Court. Her knowledge and refusal or neglect to file her rejection of the provision are in themselves an acceptance, without any other act or declaration. *Hastings* v. *Clifford*, 32 Maine, 132.

But, as before stated, the evidence fails to establish the existence, and knowledge by the wife, of any such jointure or provision in *lieu* of dower, and therefore the ruling on this point becomes immaterial.

*Exceptions and motion overruled.*

RICE, APPLETON, CUTTING and WALTON, JJ., concurred.