## YOUNG ET AL. *v.* PICKENS ET AL.

PLEADING.—*Muniment of Title.*—Where a defendant in a partition proceeding pleads by special answer a title derived through an executor's sale, and alleges a will which forms a muniment of his title, the terms of the will and of the order of the court, directing the sale of lands by the executor, should be so stated in the answer as to enable the court to determine their legal effect, or copies of them should be filed with the answer.

WILL.—*Widow.—Election by.*—Under the statute of this State (1 G. & H. 299, sec. 41), if a provision made by will for the widow of the testator is declared to be in lieu of her right in her husband's lands, she must elect whether she will take under the will. If the will makes provision for her in lands or money, or anything else, and it is not expressed to be in lieu of her right in the lands of her husband, and it does not clearly appear by the will to have been the intention of the testator that she should have both, she must in such case elect whether she will take under the will.

From the Clay Common Pleas.

*S. Turman* and *J. Birch,* for appellants.

*D. E. Williamson* and *A. Daggy,* for appellees.

DOWNEY, J.—This was an action for the partition of real estate, and there was judgment for the appellees, the defendants, in the common pleas. The errors properly assigned call in question the sufficiency of the second and third paragraphs of the answer of Pickens, and the refusal of the court, on motion of the plaintiffs, to grant a new trial. The complaint is in two paragraphs. We do not deem it necessary to set it out in full. The leading facts of the case are, that one Alexander Connely was seized in fee of the land, at his death, on the 25th day of November, 1857, and that he left a will. On the 24th day of June, 1858, the widow died. On the 20th day of February, 1860, the executor filed his petition to sell the real estate. The land was sold under this proceeding, and on the 20th day of August, in that year, conveyed to said Pickens, the purchaser. There is no question but that the title to two-thirds of the land passed by this sale to Pickens. But the plaintiffs, who are heirs of the widow, Rebecca Connely, insist that one-third of the land vested in the widow and passed, at her death, to them. The first paragraph of the complaint makes no reference to the will, nor does it state how the title of the parties is derived. The second refers to the will, and alleges an election by the widow not to take under the will, and the giving of notice of such election to the executor. The terms of the will are not stated in this paragraph of the complaint.

In the second paragraph of the answer of Pickens, it is admitted that Alexander Connely died testate, leaving said widow, etc., and it is alleged that the will was duly executed; that a copy of it is filed with the paragraph of the answer and made part thereof; that the will, after the death of the testator, was duly proved and recorded; that the sum of two hundred dollars was bequeathed to said Rebecca for her portion of the estate, and she was also to have possession of certain lands, which the executor was to purchase for certain minors named in the will, during her lifetime. It is then alleged that she accepted and received the two hundred dollars allowed her

by the will, and receipted to the executor therefor, etc.; wherefore the defendant says she is not entitled to any part of said land.

In the third paragraph, it is alleged that the executor of the decedent filed his petition in court asking an order to sell said real estate in pursuance of the terms of said will, and afterward the court duly ordered said executor to sell said land; and the defendant Samuel Pickens purchased all of said land of said executor so sold under an order of the common pleas of said county. It is alleged that a copy of the proceeding in the sale is made part of the paragraph and filed therewith. It is further alleged that the widow accepted the terms of the will, and took under the same and received the portion intended for and given to her by the will; that Pickens fully complied with the terms of the sale, received a deed, and was placed in possession, etc.

The will is not found in the record in connection with either paragraph of the answer, nor is there any copy of the proceeding resulting in the alleged sale mentioned in the third paragraph of the answer.

Without the terms of the will being set out in some legal way in the paragraphs of the answer, it could not be known by the common pleas, nor can it be known by us, whether the will was such as to put the widow to an election or not. It may, for aught that appears, be expressly given to her by the provisions made for her, in addition to her rights in the real estate. If so, then she was entitled to both. 1 G. & H. 299, sec. 41. Neither paragraph of the answer alleges that this was not so. We can not possibly tell, from what is alleged in the third paragraph, whether the alleged sale and conveyance of the land to Pickens were legal and valid or not. We think the court should have sustained the demurrers to both the second and third paragraphs of the answer.

Other questions are presented arising under the motion for a new trial and the overruling thereof. They relate to the doctrine of election, and as they may again arise in the court below, we will say, concerning them, that the rule as it was at

common law has been changed by statute, in this State, in its relation to election by the widow between her legal rights as conferred by law and a provision made for her in the will of her deceased husband. The rule as it existed at common law, and as it was applied in this State until changed by statute, is found in *Ostrander* v. *Spickard*, 8 Blackf. 227, and *Kelly* v. *Stinson*, 8 Blackf. 387. The statute of 1843, which changed the rule, was referred to and applied in *Smith* v. *Baldwin*, 2 Ind. 404.

The statute on the subject now in force is sec. 41, p. 299, 1 G. & H., and is as follows:

" If lands be devised to a woman, or a pecuniary or other provision be made for her by the will of her late husband, in lieu of her right to lands of her husband, she shall make her election whether she will take the lands so devised, or the provision so made, or whether she will retain the right to one-third of the land of her late husband; but she shall not be entitled to both, unless it plainly appears by the will to have been the intention of the testator that she should have such lands, or pecuniary or other provision thus devised or bequeathed, in addition to her right in the lands of her husband."

This section is like that in the statute of 1843, except that that had reference to the wife's dower, while this relates to her one-third in fee simple. Under this statute, as under that, the presumption is against the intention of a double provision for the wife. If the provision made in the will is declared to be "in lieu of her right to lands of her husband," she must elect. To this extent the common law rule is not changed. If the will make provision for her in lands or money, or anything else, and it is not expressed to be in lieu of her right in the lands of her husband, and it does not plainly appear by the will to have been the intention of the testator that she should have the provision made by the will, in addition to her right in the lands of her husband, she must elect. It is in this that the change has been made by the statute in the common law rule. If the will declares that the provision made for the wife

is in addition to her right in the lands of her husband, she is not driven to an election. In this there is no change in the common law rule. In some of the other states, the common law rule has been changed as it has in this State, and the construction of such statute is as here indicated. *Reed* v. *Dickerman*, 12 Pick. 146; *Thompson* v. *Egbert*, 2 Harrison, 459; *Collins* v. *Carman*, 5 Md. 503; *Hilliard* v. *Binford's Heirs*, 10 Ala. 977; *Bubier* v. *Roberts*, 49 Me. 460; *Hastings* v. *Clifford*, 32 Me. 132.

With this statement of the law as it now exists, with reference to the subject, we will reverse the judgment, and the parties can make the issues anew and try the cause again.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrers to the second and third paragraphs of the answer, and for further proceedings.