## Smith *v.* Baldwin and Others.

The statute provides, that where a provision is made for the widow in lieu of dower in her deceased husband's will, she shall elect between such provision and dower, and shall not take both; and that where the will is not explicit as to whether such provision is intended to be in lieu of dower, it shall be presumed to be so intended.

ERROR to the *Henry* Circuit Court.

PERKINS, J.—This was a bill in chancery by *Margaret Smith*, widow of *William H. Smith*, deceased, praying dower in her late husband's estate. The defence set up was that her deceased husband left a will in which pecuniary provision was made for the plaintiff. The Court below dismissed the bill. The only question made or arising in the case is upon the construction to be given to section 101, R. S., p. 431, which is as follows:

"If lands be demised to a woman, or a pecuniary or other provision be made for her by the will of her late husband, in lieu of dower, she shall make her election whether she will take the lands so demised, or the provision so made, or whether she will be endowed of the lands of her late husband; but she shall not be entitled

to both, unless it plainly appears by the will to have been the intention of the testator that she should have such lands or pecuniary or other provision thus demised or bequeathed, in addition to her dower."

We understand the meaning of this section to be, that where a provision is made for the widow in lieu of dower in her deceased husband's will, she shall elect between such provision and dower, and shall not take both; and that where the will is not explicit as to whether such provision is intended to be in lieu of dower, it shall be presumed to be so intended. The latter clause of the section declares the rules of construction where the will is not clear in its terms.

Such being regarded as the meaning of the section, there is no difficulty in determining this cause, for the will in question gives to the plaintiff all the beds and bedding, and all the cupboard-ware of the deceased; one horse colt, and "the sum of 1,000 dollars;" and contains nothing indicating that the testator intended the provision therein made to be in addition to dower. It must, therefore, be presumed to be in lieu of dower; and as the plaintiff had not relinquished it and elected to take dower, according to the provisions of the statute, her bill in this case was correctly dismissed.

*Per Curiam.*—The decree is affirmed with costs.

*J. S. Newman* and *M. L. Bundy*, for the plaintiff.

*S. W. Parker*, for the defendants.