PIERCY v. PIERCY.

A testator disposed of his property as follows: "I will and bequeath to my wife, for her lifetime support, all my personal property of which I may die seized or possessed. And, also, I will and direct, that all my real estate, if any, remaining unsold at the period of my decease, be sold to the best advantage, as soon as convenient after my decease, and the money secured, and appropriated with all the above-mentioned personal property, and also subject to and for the proper support of my wife during her natural lifetime; and at her decease, the total amount of the above-mentioned personal property, and money and claims, I will and hereby bequeath to my nephew, *John Piercy*, except any sum thereof, less than four hundred dollars, which amount my wife may, as she choose, dispose of by bequest, and only received after her decease as such legacy by her." Over twenty months after the testator's death, the widow elected to reject the provisions of the will, and to take under the law, and then sued to set aside the will for uncertainty, etc.

*Held*, that in the absence of any statute, fixing the time within which she shall make her election, the widow may make the same at any time, and lapse of time will not affect her right to take under the law.

*Held*, also, that said will was not void for uncertainty, but discloses sufficiently the testator's intentions.

*Held*, also, that the widow, having rejected the will, was entitled to one-third of the testator's property, in addition to the sum allowed to any widow.

APPEAL from the *Monroe* Circuit Court.

HANNA, J.—On the 3d day of May, 1858, *Joseph Piercy* died the owner of real and personal property; and leaving the appellant, his widow, but no parents, nor brothers or sisters, living; and, also, a will, which, so far as need be noticed, reads as follows:

"I will and bequeath to my beloved wife, *Hannah*, for

her lifetime support, all my personal property of which I may die seized or possessed. And also I will and direct, that all my real estate, if any, remaining unsold at the period of my decease, be sold to the best advantage, as soon as convenient after my decease, and the money well secured, and appropriated with all of the above-mentioned personal property, and also subject to and for the proper support of my wife during her natural lifetime; and, at her decease, the total amount of the above-mentioned personal property, and money and claims, I will and hereby bequeath to my nephew, *John Piercy*, of *Putnam* county, and who is the son of my brother, *Jacob Piercy*, deceased, except any sum thereof, less than four hundred dollars, which amount my wife, *Hannah*, may, as she choose, dispose of by bequest, and only received after her decease as such legacy by her."

On the 17th day of January, 1860, said widow filed a renunciation of any interest under said will, and stating that she elected to take under the law; and soon afterward instituted this proceeding to set aside said will, for the causes following:

1. Uncertainty, etc.

2. For assuming to dispose of all of the property of which he was possessed.

3. Because, after her election, the will was so vague, etc., as to be incapable of execution.

We are not informed whether there were other persons who, in the event of the setting aside said will, would be, equally with said *John*, entitled to take as heirs.

There was a demurrer sustained to the complaint.

It is urged that she did not elect, within a reasonable time, as to whether she would take under the will or not; and that, therefore, she was bound ·by her acquiescence in the disposition thereby made. In other words, that she takes under the will, in the absence of a renunciation filed in a reasonable time, which is assumed to be one year.

Counsel concede that there is no statute fixing the time within which the election shall be made, nor the consequences of a failure to make an election. We are referred to *Smith* v. *Baldwin*, 2 Ind. 404, and *McCarty* v. *Roberts*, 8 *Id.* 150, as favoring this construction. The statute quoted in *Smith* v. *Baldwin* is similar to that contained in the revision of 1852; but the point involved in that case was, whether the bequest was in addition to the statutory or dower interest of the wife, or in lieu thereof. The fact is not noticed in that opinion, although it was doubtless made in view thereof, that there was then in force a statute, noticed in the case quoted from 8 Ind., fixing the time within which an election should be made, to-wit: in one year; and the consequences of a failure to so elect, namely: that the will should prevail. In the absence of a statute of the latter character, we are of the opinion that the only necessity of an avowed election is to secure the widow in the provisions of the will; that a failure to elect, or act under, or in view of the provisions of the will, would give the widow the portion provided for her by the law. In other words, the law makes certain provisions for her from her husband's estate. To divest her of that interest, and give her some other, requires her consent. As she did not intend to take the provision made by the will, lapse of time did not affect her right to take under the law.

The purpose or intent of the testator seems to be readily seen, viz.: to provide for his wife during her life, and to bestow the residue, after her death, upon his nephew. Her failure to take the disposition made by him, and determination to take the amount fixed by law as her portion, does not change nor make uncertain the testator's intended disposition of the residue; that is, that it should go to his nephew. *First*, his wife was to be provided for; *second*, after that, the balance should go to his nephew. She renounced the provision, and claimed under the law; we do

not perceive but that the residue, whatever it is, may still be his. What that residue is, remains to be determined. We are of opinion that, taking our whole statute together, she was entitled, under the circumstances, to but one-third in addition to such specific sum as is allowed to every widow. That amount the husband could not dispose of by will, without her election-consent. The residue he could so dispose of, if he saw proper, without her consent; and in this case he did make such disposition of it. Whether, after her portion is set aside, the balance is sold, and the proceeds paid over to the legatee, or the property set apart to him, we suppose is not material. As her complaint was not in the form, or apparent purpose, designed to obtain partition, but rather to set aside the will, and assume control of the whole, as if no will had been made, we are of the opinion the demurrer was properly sustained.

*Per Curiam.*—The judgment is affirmed, with costs.

*David Sheeks*, for the appellant.

*S. H. Buskirk, J. E. McDonald*, and *A. L. Roache*, for the appellee.