## LEACH ET AL. *v.* PREBSTER ET AL.

PRACTICE.—*New Trial.—Assignment of Errors.*—The reasons embraced within the statutory cases in which a new trial may be granted must be assigned as reasons for a new trial in the court below, and are not properly assignable as error in the Supreme Court.

SAME.—The assignment as error of the action of the court below upon a motion for a new trial renders it unnecessary to assign as error any of the reasons properly embraced in the motion for a new trial.

SAME.—Errors of law occurring prior to the commencement of the trial need not be assigned as reasons for a new trial, but must be assigned as error in the Supreme Court.

SAME.—Errors of law occurring during the progress of the trial must be assigned as reasons for a new trial in the court below, to entitle them to review in the Supreme Court.

WILL.—*Evidence.—Experts.*—Witnesses, other than medical experts, are competent to give an opinion, from the facts testified of by them, as to the sanity or insanity of a testator at the time of the execution of his will.

SAME. — *Widow. — Election.*—In the absence of an avowed election by the widow, with full knowledge of the provisions of the will, no time for such election being fixed by the statute, the widow will be entitled to take under the statute.

SAME.—Where a will is adjudged void for want of mental capacity in the testator, it is void as to the widow who may have elected to take under the will.

APPEAL from the Hendricks Common Pleas.

BUSKIRK, C. J.—This was a proceeding on the part of the appellees against the appellants to revoke the probate and contest the validity of the will of Frederick Prebster, deceased, on the ground that the testator was at the time of the execution thereof of unsound mind.

Leach, the executor, answered in three paragraphs; first, the general denial; second, that the testator was of sound mind at the time of the execution of the will; third, that Mrs. Prebster, the widow of the deceased, was estopped from contesting the validity of said will, because she had, subsequent to the probate thereof, received from him as such executor certain personal property and money belonging to such estate, under and by virtue of said will, and had receipted him therefor.

The other defendants answered by the general denial. The

plaintiffs replied by a denial of the second and third paragraphs of the answer of Leach.

The cause was, by the agreement of the parties, submitted to the court for trial. The court found from the evidence that the deceased was insane and incapable of making a will at the time of the execution of the will in controversy.

The appellants moved the court for a new trial, and assigned three written reasons therefor, as follows: first, because the decision of the court was contrary to the evidence given in said cause; second, that the decision of the court in favor of the plaintiffs in said cause, setting aside and annulling the will of Frederick Prebster, was contrary to law and the evidence given on the trial of said cause; third, that the court erred in suffering certain witnesses in said cause to give their opinion as to the soundness of mind of Frederick Prebster, deceased, over the objection of the defendants.

The court overruled the motion for a new trial, to which ruling the appellants interposed an exception. The court then rendered judgment on the finding, revoking the probate of said will and setting the same aside as void.

The appellants have assigned the following errors:

"First. That the finding and judgment of said court in favor of appellees against appellants, setting aside and declaring that the writing in said complaint mentioned was not the last will and testament of Frederick Prebster, deceased, was and is contrary to law.

"Second. That the finding and judgment of the court below in favor of appellees, that the writing in said complaint mentioned was not the last will and testament of Frederick Prebster, deceased, and that Frederick Prebster was not of sound mind at the date of the execution of said writing, and against appellants, was and is contrary to the evidence given on the trial of said cause, and the finding is not sustained by the evidence on said trial. The judgment ought to have been given in favor of the appellants, and against the appellees, in said cause, sustaining the writing in said complaint mentioned as the last will and testament of the said Fred-

erick Prebster, deceased, and against the appellees, with all costs.

"Third. That the court below erred in suffering Eliza A. Prebster, the widow of Frederick Prebster, deceased, and one of the plaintiffs in said cause, to testify as a witness, in her own behalf, on the trial of said cause, over the objections of the appellants.

"Fourth. That the court below erred in suffering witnesses introduced by appellees on the trial of said cause, not experts, to give it as their opinion that Frederick Prebster was not of a sound mind both before and after the execution of his will, over the objection of the appellants.

"Fifth. That the court below erred in suffering, over the objection of the appellants, persons not experts, witnesses in said cause, on the trial thereof, to give it as their opinion that Frederick Prebster, at the time of the making of the writing in said complaint set forth, was not of a sound mind, they not being subscribing witnesses thereto.

"Sixth. That the court below erred in finding in favor of Eliza A. Prebster, upon the issues joined between her and the said Elias Leach, executor of Frederick Prebster, deceased, against the appellants, or either of them.

"Seventh. That the court below erred in refusing to give to the appellants a new trial in said cause. For which and other errors they pray that said judgment may be reversed at the costs of appellees."

Of the above formidable array of assignments of error, there is but one that is valid and presents any question for our decision, and that is the seventh. The first, second, fourth, and fifth assignments would have constituted valid reasons for a new trial if the argumentative portion was stricken out. The third presents no question for our decision, because the admission of Mrs. Prebster as a witness was not assigned as a reason for a new trial in the court below, and cannot, for that reason, be assigned for error here. The sixth assignment was unnecessary, as it is embraced by the seventh.

Errors of law which occurred prior to the commencement of the trial, such as rulings on demurrers, motions to strike out parts or the whole of a pleading, and the like, need not be assigned as reasons for a new trial, but must be assigned for error in this court. All errors of law which occurred during the progress of the trial, and which were excepted to at the time, must, to entitle them to review in this court, be assigned as reasons for a new trial, and when such motion is overruled and excepted to, an assignment of error, that the court erred in overruling the motion for a new trial, presents for review in this court every question which was embraced in the motion for a new trial. The motion for a new trial cannot be enlarged in this court by assigning for error matters not embraced in the motion for a new trial. The reason of the rule is, that the attention of the court that made the ruling should be called to such ruling, and an opportunity be given to correct the error. If the alleged erroneous ruling is assigned as a reason for a new trial, and the court adheres to such ruling, then the party complaining of such ruling has done all in his power to obtain relief in the court below, and having failed, he has the right to come into this court and demand the relief which the law entitles him to. The rule is founded in wisdom. A court engaged in the trial of a cause is frequently compelled to make rulings without time for reflection, or opportunity to consult the authorities. When the trial is over, and such ruling is assigned for a new trial, the court has time for reflection, to hear the arguments of counsel, and to examine the authorities upon the point. When this course is pursued, the court, by granting a new trial, can cure the error and save the parties the expense, inconvenience, and delay occasioned by an appeal to this court. If the courts below would give careful and mature consideration to motions for new trials, and grant them whenever the justice of the case demands that it should be done, the parties litigant would be saved much expense and delay, and the pressure upon this court would be greatly relieved.

Did the court err in overruling the motion for a new trial? It is insisted, in the first place, that the court erred in permitting witnesses, who were not medical experts, to give their opinion, from the facts testified to by them, as to the sanity or insanity of the testator at the time of the execution of the will. That such evidence was competent and proper, has been too often decided by this and other courts to justify a reference to authorities.

In the next place, it is earnestly maintained by the learned counsel for the appellants, that Mrs. Prebster, the widow of the deceased, is estopped from contesting the validity of the will of her deceased husband.

The decedent departed this life childless, leaving his widow and mother as his sole heirs at law. By his will he devised and bequeathed to his wife his entire estate, real and personal, for and during her life. The third clause of the will reads as follows:

" 3d. My will is, that at the death of my said wife, all of said property not used for her maintenance, both real and personal, go to and be the property of Mary Ellen Jones, a girl that I am now raising, on this condition, provided the said Mary Ellen Jones stay with my said wife and be subject to her control, until she becomes of lawful age, and if she should not be industrious and careful of property, or goods, or should marry a man likely to squander and waste said property, or should die before my said wife, then my will is, that it shall pass and descend in fee simple to the Christian Church, under the control and to be used by the trustees of said church, for the benefit thereof."

The appellant Leach was appointed executor of said will, who qualified and entered on the discharge of his duties. He caused an inventory of the personal estate to be made, which amounted in the aggregate to the sum of two thousand two hundred and forty-nine dollars.

The widow selected at their appraised value articles which amounted to the sum of seven hundred and forty dollars and twenty-five cents.

The executor required her and the mother of the decedent to give a receipt, which is in the words following:

"April 28th, 1870. Received of Elias Leach, executor of the estate of Frederick Prebster, deceased, all of the property set off and marked to me, Eliza A. Prebster, widow of said deceased, for my use and maintenance, as set out in the will of the said deceased; and we, Eliza A. Prebster and Christiana Prebster, are hereby bound for the faithful and proper application and preservation of said property, and the return thereof, at the proper time, of all that may not be necessarily used in the support of said widow.

"Eliza A. Prebster,<br>"Christiana Prebster."

It is claimed by the counsel for the appellant that the giving of the above receipt amounted to an election to take under the will, and that, after having given such receipt, the widow could not take under the law and contest the validity of the will.

There is no time fixed by our statute within which a widow is required to elect whether she will take under the statute or the will. In the absence of an election to take under the will, the widow will be entitled to take under the statute. To entitle a widow to the provisions made for her in a will, there must be an election on her part to take under the will. It was decided by this court, in *Piercy* v. *Piercy,* 19 Ind. 467, that there must be an avowed election on the part of the widow of her intention to take under the will, before she could be barred of her rights under the statute. The amount received by the widow was less than she would have been entitled to under the statute. There was evidence tending to show that at the time of the execution of the above receipt, the widow was not fully informed as to the provisions of the said will, or of her rights under the will. The law is stated thus by Redfield on Wills: "It is proper to remember that in order to bind any person by an election,

Vol. XXXIX.—32

it is requisite to show that it was made with full knowledge of all the facts, including the rights of the person in question. And if made under any mistake, misapprehension, or ignorance, it will not be valid. And any person having made an election without such full knowledge and understanding will be entitled to elect again." 2 Redf. Wills, 362. There is in the notes to the above text a full reference to the leading English and American cases.

But it is unnecessary for us to decide whether the receiving of the property and the giving of the receipt amounted to an election to take under the will; for if we should hold that the widow had made an election by which she was estopped, we could not reverse the case for that reason. This action was brought by Eliza A. Prebster, the widow, and Christiana Prebster, the mother of the decedent. These persons were the sole heirs at law of the decedent. By section 25 of the law of descent, the widow took three-fourths of his estate and his mother the remaining fourth. Sec. 25, 1 G. & H. 296. The action might have been brought by Mrs. Christiana Prebster alone. The widow was a proper, but not a necessary, party to the action. Then, as the mother of the deceased had the right to bring the action, and as she charged that the testator was insane at the time when the will was executed, and as the court found he was insane, revoked the probate, and set aside the will as void, what difference can it make whether the widow was or was not estopped? If the court below had found that the widow was estopped, the same judgment would have been rendered in favor of Mrs. Christiana Prebster as was rendered in favor of both the appellees. A judgment rendered on the application of one of several heirs, revoking the probate and setting aside a will as void for want of mental capacity in the testator, has the same legal force and effect as if rendered in favor of all the heirs, for it inures to the benefit of all. When a will is declared void and is set aside, it is void as to all the world. If this suit had been prosecuted by the

mother of the decedent, against the wishes of the widow, the result would be the same.  The widow could take nothing under a void will.

It is, in the last place, earnestly maintained by counsel for the appellants, that the finding of the court is not sustained by the evidence.  We have carefully read and duly considered the evidence in the record, and are very clearly of the opinion that the finding is fully supported by the evidence.  The evidence very strongly preponderates in favor of the finding.  In our opinion, the finding was eminently proper.  There is no error in the record.

The judgment is affirmed, with costs.

*C. C. Nave* and *C. A. Nave,* for appellants.

*L. M. Campbell,* for appellees.