**452** **SUPREME COURT OF INDIANA.**

## WETHERILL, ADMINISTRATRIX, ET AL. v. HARRIS ET AL.

MORTGAGE BY EXECUTOR.—*Borrowing Money to pay Decedent's Debts.—*
*Widow.—Appearance of Infant by Attorney.—Notice.—Coverture.—Ratifica-*
*tion.*—A testator devised his real estate in equal proportions, in fee-simple,
to his widow and their two minor children, appointing the widow exec-
utrix, and devising the whole of the real estate to her until the majority
of the youngest child, for the purpose of paying his debts and supporting
her and the children from the rents. Subsequently she, as executrix, dur-
ing the minority of, and without notice to, the children, and during the
existence of a second marriage relation entered into by her, petitioned for
and obtained an order of court authorizing her to borrow money to pay
debts of the estate, and to execute therefor her promissory note and a
mortgage on the testator's lands to secure the same. She thereupon bor
rowed the money, and, without the knowledge or consent of her husband,
executed such note and mortgage. When the children attained their
majority, they brought an action against the executrix and the holder of
the note and mortgage to cancel the mortgage, and quiet their title, alleg-
ing the foregoing facts in the complaint.
*Held,* that the mortgage was absolutely void as against the children.
*Held,* also. that an appearance by the infants, by attorney, to resist the report
of a master commissioner recommending the confirmation of such mort-
gage, does not bind them.
*Held,* also, that they could not ratify such void mortgage. on attaining their
majority.
*Held,* also, the contrary not being alleged, that it is presumed that the widow
took under the law and not under the will. And, therefore,—
*Held,* also, that though the widow, as executrix, was bound by such order of
court, the mortgage does not bind her real estate.

From the Tippecanoe Circuit Court.

*J. M. Larue, F. B. Everett* and *R. Jones,* for appellants.

*A. Parsons, F. W. Coombs, J. A. Hensey* and *T. A. Stuart,*
for appellees.

BIDDLE, J.—Complaint to cancel a mortgage and declare
it void, as follows:

" The plaintiffs herein, Finley James McLarin and
Elizabeth N. Harris, formerly Elizabeth N. McLarin, com-
plain of the defendants, Mary C. Wetherill, administra-
trix with the will annexed of the estate of Charles

Wetherill,deceased,and Maria A. Hensey, formerly McLarin, and say, that heretofore, to wit, in the month of October, A. D. 1864, Fowler McLarin, the father of these plaintiffs, died in the county of Tippecanoe and State aforesaid, testate, leaving these plaintiffs, his only children, and Maria A. Hensey, formerly Maria A. McLarin, widow of the said Fowler McLarin, deceased, and mother of these. plaintiffs, and one of the defendants herein, surviving him, the said Fowler; and the decedent, by his said will, nominated and appointed the said defendant Maria, and Charles Alderman, executors of said last will and testament; and afterwards, to wit, on the —— day of ——, 1865, said Maria, widow as aforesaid, offered said will, and the same was duly probated, in the said county of Tippecanoe and State aforesaid.

"And plaintiffs say, that the said Maria, widow of said decedent, was duly qualified to act under said will, and afterwards, to wit, on the —— day of ——, 1868, said Maria entered upon the discharge of her duty, as such executrix of said will.

"Plaintiffs further aver, that said Fowler McLarin, at his death, was seized, in fee-simple, of a large amount of real estate, situate in said county of Tippecanoe and State of Indiana, among which was a certain lot, numbered one, in Mathias Peterson's Addition to the town, now city, of Lafayette, Indiana; also certain other lots, situate in the city of Lafayette, Indiana, and described as follows, to wit: one (1), two (2), six (6) and seven (7), in Bixler's Addition to the city of Lafayette, Indiana.

"And plaintiffs say, by the *express provisions, made and contained* in decedent's will, said decedent devised all of his real estate, of which he died seized, among which was the said lot No. 1, as before described, also lots 1, 2, 6 and 7, in Bixler's Addition to Lafayette, Indiana, to his said wife, the said Maria, widow as aforesaid, Finley James Mc-

Larin, son of said Fowler McLarin, the decedent, and the said Elizabeth, daughter of the said decedent, jointly.

"And said will, so made as aforesaid, further provided, that the said Maria should have and use the income of said real estate so devised to his said wife and children, for her own support, and for the support and education of his said children, Finley J. and Elizabeth N., plaintiffs herein, until they, the said Finley J. and Elizabeth N., should arrive at the age of twenty-one years. And said decedent further provided in his said will, that, when the said Finley J. and Elizabeth N. should arrive at the age of twenty-one years, then the real estate of which the said Fowler died seized, among which was the real estate described as lot No. 1, in Mathias Peterson's Addition to the town, now city, of Lafayette, also lots 1, 2, 6 and 7, in Bixler's Addition to Lafayette, Indiana, should be equally divided between the said Maria, Finley J. and Elizabeth N.

"And plaintiffs say they are now, and were prior to the commencement of this suit, respectively, of the ages of twenty-one years; and they further aver, that after the said Maria, executrix as aforesaid, had entered upon the discharge of her said trust, as aforesaid, she, the said Maria, filed her certain petition as the executrix of said decedent's will, addressed to the Judge of the Tippecanoe Common Pleas Court, of said county of Tippecanoe, asking said court, among other things, to grant her, the said Maria, executrix of said will, an order to incumber, by way of mortgage, the property devised by the decedent, in his said will, to the said Maria, Finley J. and Elizabeth N., jointly, as aforesaid.

"And the plaintiffs further aver, that afterwards, to wit, on the 17th day of March, 1870, said court, on said petition so filed by said executrix of said will, granted to the said Maria, executrix as aforesaid, an order authorizing and empowering the said Maria to incumber, by way of mort-

gage, said property so devised by said decedent, in manner and form as aforesaid.

"And plaintiffs aver that they were, at the time of the filing of said petition and granting of the order by said court, minors, and were not made parties to said proceedings; and they aver, in pursuance of said order granted by said common pleas court, the said Maria, as executrix as aforesaid, borrowed a large sum of money to wit, the sum of ($1,100.00) eleven hundred dollars, from John Levering, for which she executed her certain promissory note, and to secure said note she executed a certain mortgage, covering and embracing said lot No. 1, in Mathias Peterson's Addition to the town, now city, of Lafayette, Indiana, covering, also, lots Nos. 1, 2, 6 and 7, in Bixler's Addition to Lafayette, Indiana, the identical property devised by said decedent in his said last will, jointly to these plaintiffs and the said Maria; that the said Maria delivered the said note and mortgage to the said John Levering, and said note and mortgage was duly recorded in the recorder's office of said county of Tippecanoe, and the State aforesaid.

"And the plaintiffs aver that said John Levering, owner of said note and mortgage, on the 15th day of July, A. D. 1870, assigned said note and mortgage, in writing, to one Charles Wetherill, now deceased, of whose estate the said defendant Mary C. Wetherill is administratrix with the will annexed, and the said Mary C. Wetherill, administratrix as aforesaid, now holds said note and mortgage as aforesaid.

" And the plaintiffs further aver, that at and before the filing of said petition in said court, and at and before the time of the execution of the said mortgage and its delivery to said Levering, the said Maria A. Hensey was, and still is, a married woman, the wife of one Samuel Hensey, and that the said Hensey, husband of the said

Maria, did not join with her in the execution of said mortgage, but that the same was executed by said Maria. without the knowledge of her said husband.

"And the plaintiffs aver and say, that at the time, to wit, in the mouth of March, A D. 1870, the said Maria filed her said petition, and at the same time the said court of common pleas granted the said order hereinbefore referred to, to the said Maria, to mortgage said real estate so mortgaged, that there were no debts, legal or equitable, existing against the said estate of the said Fowler McLarin, deceased.

"And plaintiffs say, that the defendants claim to hold a lien on said lot numbered 1, also lots 1, 2, 6 and 7, in Bixler's Addition to Lafayette, Indiana, as before described, on account of her said mortgage, executed by said defendant, Maria, executrix as aforesaid.

"And plaintiffs aver, that they are the owners of the undivided two-thirds of said lot No. 1 in Mathias Peterson's Addition to the town, now city, of Lafayette, Indiana, also they are the owners of the undivided two-thirds of lots 1, 2, 6 and 7, in Bixler's Addition aforesaid, the identical property mentioned in said mortgage, held by said defendant by virtue of the devise made by the said Fowler McLarin, deceased, in his said will and that the defendant Maria has, in her own right, the undivided one-third of said property; that the pretended mortgage so held by said defendant, on the said lots numbers 1, 2, 6 and 7, in Bixler's Addition to Lafayette, aforesaid, owned by these plaintiffs as aforesaid, is a cloud now resting on their said title.

"Wherefore the plaintiffs pray. that the defendants be required to produce the said pretended mortgage in court; that the said pretended mortgage be decreed by said court to be void and of no force or effect; that it be declared to be no lien on said real estate; that the said pretended

mortgage be cancelled, and that the plaintiffs have all other proper. relief in the premises."

The second paragraph of the complaint is so essentially the same as the first that it need not be stated.

In the course of the proceedings, Finley J. McLarin died, and his interest in the lots in controversy descended to his co-plaintiff Elizabeth N. Harris, and to the defendant Maria A. Hensey, in equal parts. Upon the suggestion of record of Finley's death, the case was prosecuted subsequently in the name of Elizabeth N. Harris, above, as plaintiff.

After filing the second paragraph of complaint, the appellant Wetherill filed separate demurrers to the first and second paragraphs of complaint, assigning for cause : 1st, that there is a defect of parties plaintiffs ; 2d, that there is a defect of parties defendants ; 3d, that neither of said paragraphs states facts sufficient to constitute a cause of action.

The court sustained the demurrer to the second paragraph of the complaint, upon the ground that there was a defect of parties, that Maria A. Hensey was a necessary party defendant, to which the plaintiff below excepted. Leave was granted the appellees to amend their complaint, which was done by making Maria A. Hensey a party defendant to this suit. At the same time Maria A. Hensey appeared to the action and filed a written waiver of issuance and service of process on her in said action, the execution of which was properly proved.

At this stage of the proceedings, John Levering, upon his petition, was made a party defendant. Levering filed a demurrer to the plaintiffs' complaint, and he set out, as reasons therefor : 1st. That there is a defect of parties plaintiffs ; 2d. That there is a defect of parties defendants, in this, that the said Maria A. Hensey is shown by the complaint to be a marriedwoman, and had no power to waive the process filed in this cause, and she is not brought into court by process,

and her husband is not joined with her as a party defendant; 3d. The complaint does not state facts sufficient to constitute a cause of action against this defendant, or any of said defendants.

The court overruled Levering's demurrer, and held the complaint sufficient in law, as to him, to which Levering excepted. Levering then filed the following answer:

"The defendant John Levering, for separate answer to said plaintiffs' complaint, says that he admits the death of said Fowler McLarin, testate, as stated in the complaint; also that said testator, by his will, devised all his estate, real and personal, to his widow, now Maria A. Hensey, since intermarried with Samuel Hensey, and his two children, said plaintiffs, Finley J. McLarin and Elizabeth N. Harris, formerly McLarin; and by said will gave to said Maria the rents and profits of said real estate, until said Finley James McLarin, then an infant of the age of eleven years, should arrive at the age of twenty-one years; and by said will directed that said real estate should not be sold until said Finley James should arrive at majority. And said defendant says, that said Maria qualified as such executrix, and entered upon the duties of her said trust, and, in pursuance of the provisions of said will, erected a house on said real estate, and expended large sums in payment therefor, for the debts of said testator, for the expenses of said trust, and for the maintenance of herself and her said children. And said Maria, in the execution of said trust, on the 3d day of March, 1870, made her report to the common pleas court of said county, by which report, under the oath of said Maria, it is shown that there was a balance due her, on account of said trust and moneys expended therefor, the sum of $1,325.82, and that it would be necessary to sell realty of said decedent to pay the debts of said estate, which report was by said court referred to a master commissioner of said court, to inquire into the correctness of

the same. And said plaintiffs, Finley James McLarin and Elizabeth N. Harris, appeared to said proceedings, by Coffroth & Ward, their attorneys, and entered their objections to the matters charged in said report, and such proceedings were had before said master, and in said court, that said report was in all things approved, and afterwards, on the 17th day of March, 1870, a report of the proceedings in said trust, said Maria filed her petition in said court, asking that, instead of selling the realty of said estate, that she have authority, in carrying out the provisions of said will, to borrow $1,100.00, and save the said realty from sale, which petition was granted by said court, and, in pursuance thereof, the money borrowed of this defendant, and said mortgage executed, approved by said court, upon a report made by said Maria, and said mortgage delivered to him, and by him afterwards assigned, as shown in said complaint.

"That afterwards, viz., on the 18th day of March, 1870, said Maria filed her further report and resignation of said trust, in which she accounted for said sum of $1,100.00, as aforesaid, and showed that the same had been applied to pay the indebtedness of said estate and the expenses of said trust, for the benefit of said plaintiffs and herself, and that there was yet due her the sum of $629.97, which report was then approved by the court, and said resignation accepted, and one Edward Asher was afterwards appointed administrator *de bonis non* of the said estate, with the will annexed; that afterwards Asher resigned said trust, and afterwards said Maria A. Hensey was duly, by the Tippecanoe Circuit Court, then having jurisdiction of such matters, appointed administratrix of the said estate, with the will annexed, and she, on the 19th day of November, 1875, filed her final report in said estate, in which she claimed credit for said balance of $629.97, and showed that said estate was yet indebted to

her, in the sum of $54.89, which report was referred to A. Orth Behm, master commissioner of said court, who, after due examination, reported the same correct, and said report was approved by the court, and said Maria discharged.

"Wherefore said defendant says, that it was necessary that said money should be borrowed, when the same was done, to carry into effect the wishes of said testator, expressed in his said will, and that said plaintiffs and said Maria A. Hensey have received the benefits of said money, so loaned as aforesaid, and that they are, in equity and good conscience, estopped from denying the validity of the mortgage, and from refusing to have said loan declared a lien on said real estate, so mortgaged as aforesaid, and to prevent the sale of which said money was borrowed.

" He therefore prays that said loan be declared a lien on the said real estate described in the complaint, that said plaintiffs take nothing by their suit, and that the rights of his assignee in said mortgage be quieted, and for such other and further relief as may be proper."

Subsequently, Levering filed a second paragraph of answer as follows:

" The defendant, for a second paragraph of answer to the complaint herein, filed by leave of said court, says, that he admits the death of Fowler McLarin, testate ; that he devised all his real estate to his widow, Maria, now Maria A. Hensey, and his two children, said plaintiffs, Finley James McLarin and Elizabeth N. Harris, formerly McLarin, and by his last will devised the profits of said real estate to said Maria, until said Finley J., then eleven years old, should arrive at twenty-one years, and directed that said real estate should not be sold until said Finley James should arrive at majority. Defendant says, that said testator directed in his said will, that a house should be erected on said real estate, and in his lifetime

entered into a contract for the building of the same, which contract was completed by the defendant Maria A. Hensey, who alone qualified as executrix of said will ; that, in carrying out the provisions of said will, said Maria, as executrix, contracted debts for the erection of said house, which debts were liens on the real estate so devised to her and said plaintiffs, as aforesaid. Taxes accumulated, which were also liens on said real estate said taxes amounting in March, 1870, to $186.89 for State and county taxes, and $165.97 for corporation taxes of the city of Lafayette, and said Maria, executrix as aforesaid, on the 3d day of March, 1870, made her report to the common pleas court of said county, showing under her oath, that a balance had accumulated against said estate, of $1,325.82, besides taxes and assessments for street improvement, (which street improvement had been made under the authority of the Mayor and Common Council of the city of Lafayette, and amounted to a large sum, viz., six hundred dollars, and were a lien on said real estate,) and said executrix reported to said court that she expected to be compelled to sell a part of the real estate of said decedent, to pay said debts, which debts were liens upon said real estate, which report was by said court referred to a master commissioner of said court, to inquire into the correctness of the same. And said plaintiffs appeared to said report before said master, by Coffroth & Ward, attorneys for said plaintiffs, and entered objections to the same. And such proceedings were had before said master and in said court, that said report was approved. And said executrix, as a part of said proceedings, on the 17th day of March, 1870, at the same term of said court, filed her petition set forth in the complaint, asking, for the purpose of avoiding a sale of part of said premises, that she be permitted to *borrow money, and mortgage her own interest* and the interests of said plaintiffs, in the real estate described in the complaint, to borrow $1,100.00,

for the purpose of paying the liens of real estate, and to carry out the provisions of said will, until said Finley J. McLarin became of full age; that said order was granted, and upon the faith of said report of said order, and of the representations of said Maria Hensey and her attorney, that said money was needed to preserve said real estate from sale, and pay liens thereon, this defendant loaned said money and took said mortgage, which he afterwards assigned to said Wetherill, and this defendant charges that said money was borrowed for the purpose of relieving said real estate as aforesaid, and said Maria intended to pledge her separate estate for the payment thereof, as well as the interests of the plaintiffs in the real estate described in said mortgage, to secure the repayment of said loan. And defendant avers, that on the 18th day of March, 1870, said Maria filed her report and resignation of said trust, in which she charged herself with said sum of $1,100, and showed that said estate was still indebted, on account of the matters aforesaid, the sum of $629.97, which report was approved and the resignation accepted, and Edward Asher was appointed administrator of said estate with the will annexed; that he afterwards resigned, and said Maria was by this court reappointed; that on the 17th day of November, 1865, she filed her final settlement of said trust, in which she claimed credit for said sum of $629.97, which report was approved by this court, and she was discharged.

"And this defendant avers that said Elizabeth N. Harris, when of full age, and said Maria A. Hensey, have in writing confirmed said mortgage.

"Wherefore the defendant says that said sum of $1,100.00 so borrowed as aforesaid, which remains unpaid, should be declared a lien upon the real estate so mortgaged, and he prays that said mortgage be declared valid, and if this be denied, that said Mary C. Wetherill, as administratrix, be declared to hold a lien on the real

estate described in the mortgage, and on the interest of each of the said owners thereof, for the security of the repayment of said sum, with the interest thereon; and, if this be denied, then that the same be declared a lien on the interests of Maria A. Hensey and Elizabeth N. Harris in said real estate; and, if this be denied, that the same may be declared a lien on the interest of the defendant Maria A. Hensey, in said real estate, and for all other proper relief."

Mary C. Wetherill filed what is called her answer and cross complaint, making the original plaintiffs, and her codefendants Maria A. Hensey and John Levering, defendants thereto, as follows:

"The defendant Mary C. Wetherill, as administratrix aforesaid, by way of answer to the complaint, and also by way of cross complaint against the plaintiffs, and also said defendant Maria A. Hensey and said defendant John Levering, says, that she is the administratrix of Charles M. Wetherill, deceased, her late husband; that said Maria A. Hensey, at the date thereof, executed, as executrix of Fowler McLarin, deceased, the note and mortgage described in the complaint, to John Levering, for a loan of money designated in said note; that said Levering assigned and transferred and delivered said note to Charles M. Wetherill in his lifetime, and the same is now held by Mary C. Wetherill, as his administratrix:

"'For value received I sell and assign this note to Charles M. Wetherill.               JOHN LEVERING.'

"And that note is due and wholly unpaid.

"This defendant admits the death of Fowler McLarin, the making and probate of his will, as stated in the complaint, and that the plaintiffs and said Maria A. Hensey are the legatees and devisees under said will, and as such have title to the lots described in the complaint, devised from said testator.

" This defendant further says, said Maria A. Hensey alone qualified as executrix of said will, and entered upon her duties as such; the said executrix, as such, expended large sums of money as directed by said will, and on the 3d day of March, 1870, filed her report in the common pleas court, showing such expenditures, and that the sums so expended exceeded the moneys, etc., which came to her hands as such executrix, in the sum of $1,325.82, and it would be necessary to sell realty to pay this sum and unpaid taxes, etc., which report was referred to a master commissioner, before whom the plaintiffs appeared by Coffroth & Ward, as their attorneys, and objected to certain items in the account, but said master reported the account, as stated, correct, and it was approved; afterwards, on the 17th day of March, 1870, said executrix filed her petition as such in said court, and as a part of the proceedings in said estate, asking that, instead of selling realty to pay debts. she might, to carry out the provisions of said will, be authorized to borrow $1,100.00, which petition was granted by said court, and, in pursuance thereof, the money secured by said note and mortgage was borrowed of the defendant Levering, and she reported the same to the said court, as also a copy of the said note and mortgage, and the same was approved by the court, and then delivered to said Levering; that, on the 18th day of March, 1870, said executrix filed in said court a further report, in which she charged herself, as such executrix, with said money so borrowed, and accounted for the same, showing there was then still due her from said estate $629.97. And said report was approved by said court, and said executrix was discharged at her own request; that all these proceedings by said executrix were in said court, at the same term thereof, and form parts of the same record, and were all before said court, and should all be taken together.

" That afterwards Edward Asher became administrator of said estate, with the will annexed, and subsequently resigned and was discharged as such, and afterwards said executrix became such again, and on the 19th day of November, 1875, filed her final report in this court, in which she claimed credit for the $629.97 above named, and the report, with this credit allowed, was approved by this court, and said executrix discharged, etc.

" This defendant says, said money, so borrowed by said executrix, was borrowed to pay claims against said estate, to avoid a sale of said realty, and for the benefit of said realty, and of those taking under the will. The defendant says, a reasonable attorney's fee, as provided for in. said mortgage, is $150.00. This defendant asks the following relief: That said mortgage be foreclosed, and the realty aforesaid ordered to be sold to pay this defendant the amount the court shall find due on said note and mortgage, and to pay the costs herein ; if this can not be done, then that the interest of said Maria A. Hensey, in said realty be sold to pay the same; or, if the court shall hold said note and mortgage invalid, then that this defendant have a judgment against said Levering, for the amount, due on said note, and this defendant asks for such other and further relief as the facts may warrant."

At the next term of the court, Mary C. Wetherill filed a second paragraph of "answer and cross complaint," as follows :

" The said defendant Mary C. Wetherill, as administratrix as aforesaid, for a second paragraph of answer to the said complaint, and also by way of a second paragraph of cross complaint, against said plaintiffs, and against the other defendants, Maria A. Hensey and John Levering, says, that she is the administratrix of said decedent, Charles M. Wetherill, her late husband; that, at the date thereof, said defendant Hensey executed the note and

mortgage described in the complaint, for a loan of the money designated in said note; that said defendant Levering assigned and delivered said note to said decedent, Charles M. Wetherill, in his lifetime, and the same is now held by this defendant, as his administratrix; that said note is due and wholly unpaid, and a copy of said mortgage, into which said note is copied, is on file herein, as a part of the first paragraph of the answer and cross complaint of this defendant, and is made a part of this paragraph; that the assigment of said note is by endorsement thereon, and is as follows:

"'For value received, I sell and assign this note to Charles M. Wetherill.        JOHN LEVERING.'

"This defendant admits the death of Fowler McLarin, the making and probating of his will, as stated in the complaint; that the plaintiffs and said defendant Maria A. Hensey are the sole legatees and devisees under said will, and as such took title to the realty described in the complaint under said will. This defendant further says, said Maria A. Hensey alone qualified as executrix under said will, and entered upon her duties as such, and that before the death of said testator, McLarin, he had made a contract for the erection of structures and buildings on said lots, and the same were completed after his death; that said Maria A. Hensey, from time to time, made payments on account of the work done and materials furnished under said contract, and on the 3d day of March, 1870, filed her report in the common pleas court of this county, showing such expenditures, and that the sums so expended amounted to the sum of $1,328.82 more than the personal assets received by her, and that it would be necessary to sell realty to pay this sum and the taxes on said realty; and this defendant says, said unpaid taxes then were, for State and county $186.89, and for city $165.97, and which taxes and said sum expended as above stated were then

liens on all said realty, and to remove and satisfy such liens must be a benefit to the owner thereof; that said report was by the court referred to a master commissioner, before whom plaintiffs appeared by Coffroth & Ward, as their attorneys, and objected to certain items in the account, but said master reported said account correct, and it was approved by the court. Afterwards, on the 17th day of March, 1870, said defendant Maria A. Hensey filed her petition in said court, as such administratrix, and, as a part of the proceedings had in the settlement of said estate of said testator, asking that, instead of selling realty to pay the debts of the estate, she might, to pay the same and remove the liens from said realty, borrow money to the amount of $1,100.00, which request was by the court granted; and upon the faith of said order, and of said report and the representations of said Maria A. Hensey, that it was necessary to borrow said money, to preserve said real estate from sale to satisfy the liens thereon, said Levering, in pursuance of said order and said representations, loaned said money, and said Maria on the same day reported said loan, and a copy of the note and mortgage given to secure the same, to the court, all of which was approved by the court, and said note and mortgage were then delivered to said Levering; that, by said mortgage, said Maria A. Hensey intended to and did charge her interest in said realty, and the debt secured by said note was one created for the benefit of her said estate, and to remove liens therefrom; that on the 18th day of March, 1870, said Maria A. Hensey filed in the said court a further report, in which she charged herself with said $1,100.00, so borrowed, and accounted for the same, showing there was a balance, after such accounting, due her, of $629.97, and said report was approved by said court, and said executrix discharged at her request; that all these proceedings were had in said court, at the same term thereof,

and all form parts of the said record in said court, and should all be taken together. This defendant further says, that afterwards Edward Asher became administrator of said McLarin's estate, with the will annexed, and subsequently resigned, and was discharged upon his resignation; and afterwards Maria A. Hensey was again appointed and qualified as executrix, and on the 19th day of November, 1875, filed her final report in this court, in which she claimed credit for said $629.97 above named, and the report, with its credit allowed, was approved by this court. The defendant refers to the records of the several courts for greater certainty, and asks that they may be regarded as parts of this pleading. This defendant further says, that the plaintiff Harris, after she had arrived at full age, and with full knowledge of the making of said mortgage to said Levering, and its transfer to said Wetherill, ratified and confirmed the making thereof, by her letters to said Levering, one of October 25th, 1874, and one of November 25th, 1874.

" ' SACRAMENTO, October 14.

" ' Mr. John Levering:

" ' Your favor has been received, and contents noted. You ask me ' what shall be done with my one-third rents on hand ? ' I am willing that they should go towards paying of taxes and interest on the Wetherill mortgage, and, after that is paid, let it go towards paying up the principal.

" ' Ma was telling me to-day that she had Mr. Dunlap write to you, for her, giving the above instructions, for all funds on hand to be so applied in payment of taxes and interest on mortgage. I hope you will continue in collecting the rents until spring, or until a good opportunity offers to sell. We are aware of the fact that you are the very best trustworthy we could possibly secure the services of. I hope you will not ask to be relieved. In fact,

we know of no other person doing such business. Could you recommend some one? You will do a great favor by collecting the rents under the present circumstances, for fear we lose them. If a purchaser presents himself at any time, for either of the properties, I should like to be made cognizant of the fact, as we might agree to the selling of the same, if the offer was any thing near the value. Should be pleased to hear from you, any time, knowing that you will manage judiciously, and to the best for all. I remain respectfully, ELIZABETH N. HARRIS.'

" ' SACRAMENTO, 15th Nov.

" ' Mr. Levering:

" ' I see in your letter to Ma, that you acknowledge the receipt of my letter. To make it more satisfactory with Ma, I again write, in substance, as before, to wit: To apply all funds on hand to pay interest on the Wetherill mortgage, and the remainder on taxes, together with what repairs you think necessary. If, Mr. Levering, you persist in resigning, I would say, pay out what money on hand, and give it over to some good, honest man. Do you know of some such man? But we would greatly desire you to attend to it, as you promised faithfully to do. Write as soon as convenient. Yours respectfully,

" ' MRS. E. N. HARRIS.'

" That said Maria Hensey also ratified said mortgage by her letter to said Levering, of November 25th, 1874, as follows:

" ' SACRAMENTO, CAL., November 25th, 1874.

" ' Mr. Levering—Dear Sir:

" ' I received your letter this morning, and hasten to answer it. You said that I had not answered your letter. I know I did not, for Libby wrote to you, and told you to take the money on hand, and pay the interest on the mortgage, and the rest on tax. As for the other debts, there are none. So you know I want you to do the best

you can for me and the children. I pray you to see that all is right. I know you can do it, and I will come home in the spring. My health is good now, and I don't want to come this winter. I wish you would keep the repairs so it will rent well. Now I will stop, hoping to hear good news soon. Libby will write a few lines with me; write soon. No more.　　　　　　　　　　　MARIA A. HENSEY.'

" This defendant says, that a reasonable attorney's fee for collecting said note would be $150.00. This defendant asks the following relief:

." That said mortgage be foreclosed, and the realty therein described be ordered to be sold to pay the amount due on said note, with interest, costs and attorney's fees ; or, if this can't be done, as to the interests of the plaintiff McLarin, then that said judgment and order may be made as to the interest of the plaintiff Harris, and the defendant Hensey, in said realty ; or, if the court should hold that only the interest of said defendant Hensey, in said realty, is only liable, then that it be ordered to be sold, etc.; or, if the court should hold said note can not be enforced against the plaintiffs', or the defendant Hensey's, interest in said realty, or either, then this defendant prays judgment against the defendant Levering, for the sum of $1,500.00 ; and further prays for such other and further relief as the facts may warrant, and may be just and equitable."

1. A separate demurrer by the appellant Wetherill, to Harris' complaint, was overruled.

2. A separate demurrer by the appellant Levering, to Harris' complaint, was overruled.

3. A separate demurrer by the appellee Harris, to the first paragraph of the complaint of the appellant Wetherill, was sustained.

4. A separate demurrer by the appellee Hensey, to the first paragraph of the complaint of the appellant Wetherill, was sustained.

5. A separate demurrer by the appellee Hensey, to the second paragraph of the complaint of the appellant Wetherill, was sustained.

6. A separate demurrer by the appellee Harris, to the first paragraph of the answer of appellant Levering to the original complaint, was sustained.

7. A separate demurrer by the appellee Harris, to the second paragraph of the complaint of Wetherill, was sustained.

8. A separate demurrer by the appellee Hensey, to the second paragraph of the answer of Levering, was sustained.

9. A separate demurrer by the appellant Levering, to the first paragraph of the complaint of appellant Wetherill, was overruled.

10. A separate demurrer by the appellant Levering, to the second paragraph of the complaint of the appellant Wetherill, was overruled.

All of the above separate demurrers assigned for cause the insufficiency of the facts stated in the pleadings to which they are filed, and several added the cause of defect of parties; and exceptions were reserved to each of the rulings upon them.

After the above proceedings were had, Maria A. Hensey answered the original complaint of the appellees, admitting the facts as stated therein.

We have thus stated the pleadings in the case, and the rulings thereon, not according to the order in which they occur in the record, but in what seems to us to be the logical order of the case.

No issue of fact was joined or tried in the case; the parties stood by their pleadings and exceptions, and the court decreed that the mortgage described in the complaint, as to Elizabeth N. Harris and Maria A. Hensey, be cancelled and annulled, and for costs against the

defendants Levering and Wetherill; that Wetherill re-
cover against Levering, on his endorsement of the note;
and, by consent of parties, the court assessed damages,
and rendered judgment, against ·Levering accordingly,
and for costs.

Levering appealed against the appellees, and also against
Wetherill; Wetherill appealed against the appellees, and
also against Levering and Hensey.

Assignments of error are made in this court by the ap·
pellants against the appellees, and by Levering against
Wetherill.

The court did not err, we think, in overruling the de-
murrers to the original complaint of Harris. The proceed-
ings in court, by the executrix of the estate of McLarin,
authorizing her to mortgage the lands of the deceased, as
to the minor heirs who were not made parties thereto, and
had no notice thereof, are a nullity. Their interest in the
land was not bound thereby. The mortgage as to them
has no force. Nor did the court err in sustaining the de-
murrers to the answers of Levering and Wetherill to the
original complaint. The appearance of the attorneys, Cof-
froth & Ward, on behalf of the minors, to resist the con-
firmation of the master's report, was not an appearance to
the proceedings authorizing the mortgage, and in no way
bound them by the adjudication, nor can minors appear
by attorneys in any case. Nor did the letters of Elizabeth
N. Harris and Maria A. Hensey ratify the mortgage as to
the interest of the minors. The mortgage, as to them, was
void, and could not be ratified. The decree of the court
in cancelling the mortgage as to Elizabeth N. Harris is
right, and it follows that the demurrer of Harris to the
first paragraph of Wetherill's complaint was properly sus-
tained.

The appellee elaborately argues his case upon the
ground that the proceedings in the probate court, author-

izing the mortgage, were also void as to Maria A. Hensey; but we have arrived at a different conclusion. The proceedings were had in a competent court, which had jurisdiction over the subject-matter, and over the person of the executrix, Maria A. Hensey. They, therefore, can not be held void for slight irregularities. Upon their face they are sufficient to withstand a collateral attack. But a more serious question underlies the whole case : Was the interest in the lands devised to Maria A. Hensey subject to the payment of the debts against the estate of Fowler McLarin?

If Maria A. Hensey took her interest in the lands as heir-or devisee of Fowler McLarin, and by no other title, the lands undoubtedly would be subject to the debts of the estate ; but she takes in fee-simple, as the widow of Fowler McLarin, under section 17 of the law of descents, the same interest in quantity as she takes by the devise ; and, as she takes the same interest in the lands by devise as she is entitled to by law, it must be held as taken by descent, or by force of the law itself, and not by purchase, which requires the act or consent of the party also. The distinction between taking lands by descent from the ancestor by his heir, and the wife taking by statute from her husband, is clear and can not be abrogated. The ancestor may cut off the heir by his own act; the husband can not cut off his wife, by any act he can do, either by deed or will. Nor is the wife's interest under our statute subject to the husband's debts; it is "free from all demands of creditors." Yet, if the husband shall have left a will, the wife may elect to take under the will or by the law ; but, as this case is silent as to the widow's election, it must be presumed that she holds by law, and not under the will. Such election requires the performance, on the part of the widow, of some positive, affirmative act indicating her intention to elect, and must be shown affirmative-

ly by the party who claims under it. Having made the mortgage as executrix, it can not be held that Mrs. Hensey is bound personally; besides, being a married woman, she could not mortgage the land personally, unless her husband joined her in the mortgage, which was not done. This course of reasoning conducts us to the conclusion, that the interest of Maria A. Hensey in the land is not subject to the mortgage made by her as executrix of the will of Fowler McLarin. *Piercy* v. *Piercy*, 19 Ind. 467; *Leach* v. *Prebster*, 39 Ind. 492; *Brannon* v. *May*, 42 Ind. 92; *Young* v. *Pickens*, 49 Ind. 23; *Heavenridge* v. *Nelson*, 56 Ind. 90; *Dale* v. *Bartley*, 58 Ind. 101; *May* v. *Fletcher*, 40 Ind. 575.

Having thus settled the question, that the lands in dispute are not bound by the mortgage made by Maria A. Hensey, it follows that the subsequent questions in the case were properly decided by the court below.

The judgment is affirmed, at the costs of the appellant Levering.