Burkhalter *et al. v.* Burkhalter.

## No. 8320.

## BURKHALTER ET AL. *v.* BURKHALTER.

WILLS.—*Construction.—Widow.—Descent.*—A testator, by one item of his will, gave certain real estate to his wife, remainder in fee to his children, and also certain personal property; and by the next item he gave the residue of his real and personal estate to his children, "after my beloved wife has taken her portion according as the law provides."
*Held*, that the provision made in the first item was plainly in addition to the right in his estate given by law to the widow, and, by virtue of the statute (R. S. 1881, section 2505), she was entitled to both.

From the Tippecanoe Circuit Court.

*J. M. Larue* and *F. B. Everett*, for appellants.
*W. C. Wilson* and *J. H. Adams*, for appellee.

FRANKLIN, C.—This is an action for partition commenced by appellee, as the widow, against appellants, as the heirs, of Edward Burkhalter, deceased.

In the year 1866, the deceased, a widower, with ten children, was married to the plaintiff, a widow, with two children. They lived together, without issue by the second marriage, until the 2d day of December, 1878, when he died *testate*, the owner of certain real estate sought to be partitioned. The will of the testator is made a part of the complaint, and the con-

troversy in this case arises over the construction of the first and second items of the will.

The appellants claim that by the will the appellee has an interest in and takes only the real estate mentioned in the first item, and that such provision is in lieu of her interest in his other lands. The appellee claims that, by the first and second items of said will, she was to have the real estate mentioned in the first item, *in addition* to what she would have been allowed to receive if no will had been made, and that she was entitled to one-third of the residue of his said real estate.

The two clauses of the will are as follows:

"*Item first.* I give and devise to my beloved wife the house in which we now reside, together with the other buildings on the lot of land containing about three acres, more or less, to hold during her natural life, and a horse and buggy, if she desires it, two cows and as many hogs as she needs, and all the provisions on hand, and all the household furniture that she desires to keep. At the death of my said wife the real estate aforesaid I give and devise to my natural heirs.

"*Item second.* I give and devise all my estate, real and personal (after paying my just debts), to my natural heirs. To my children I give to each one an equal portion after my beloved wife has taken her portion according as the law provides."

Appellee, in her petition, claimed the lot of land and the house and buildings thereon situated, named in the first item of the will, as her separate property under the will, and asked for one-third in partition of the other lands. A demurrer was overruled to the complaint. The defendants excepted, and filed the following answer, in substance: After stating the relative position of the parties, and the date of their marriage, it avers that the plaintiff brought no property to said marriage, it being understood between her and said Edward that the property she had would go to her children; that after said marriage the said testator acquired no other property, but upon the lot mentioned in the first clause of the will he built

a valuable house, worth at least $3,000, making the value of said lot $3,500; that they were childless by the second marriage; that said testator by his will left to said widow said lot of land and improvements, together with other personal property, making the will a part of the answer; that, after the death of the testator and the probate of the will, the plaintiff, with a full knowledge of its provisions, retained possession of said house and said lot of land and the other improvements thereon, claiming them under the will; claimed and received the horse and buggy, two cows, all the hogs, the household furniture, and all the provisions on hand, and fully elected to take under the will; and said plaintiff also claimed and received $500 under the statute; that the real estate of said testator, after deducting the part so willed to said widow and now sought to be partitioned, did not exceed in value the sum of $7,500; and concluded by averring that said widow had no right to any part of said residue, after taking the part willed to her in said first item.

To this answer a demurrer was sustained, and the defendants excepted. A judgment of partition, according to the petition of the plaintiff, was rendered, commissioners were appointed who reported partition accordingly, and a final judgment of partition was entered of record.

The overruling of the demurrer to the complaint or petition, and the sustaining of the demurrer to the first paragraph of the answer, are complained of as errors in the court below.

The answer states facts more fully than the petition, but both demurrers present the same question, and that is: Is the provision for the widow in the first item of the will in lieu of her interest in the remainder of the testator's real estate? The 41st section of the law of descent (1 R. S. 1876, p. 415), and the 2505th section of the R. S. 1881, provides that "If lands be devised to a woman, or a pecuniary or other provision be made for her by the will of her late husband, in lieu of her right to lands of her husband, she shall make her election whether she will take the lands so devised, or the pro-

vision so made, or whether she will retain the right to one-third of the land of her late husband; but she shall not be entitled to both, unless it plainly appears by the will to have been the intention of the testator that she should have such lands, or pecuniary or other provision thus devised or bequeathed, in addition to her rights in the lands of her husband." Each clause or item in a will must be construed with reference to the whole will.    *Kelly* v. *Stinson*, 8 Blackf. 387.

In the case of *Smith* v. *Baldwin*, 2 Ind. 404, it was said: "We understand the meaning of this section to be, that where a provision is made for the widow in lieu of dower in her deceased husband's will, she shall elect between such provision and dower, and shall not take both; and that where the will is not explicit as to whether such provision is intended to be in lieu of dower, it shall be presumed to be so intended. The latter clause of the section declares the rules of construction where the will is not clear in its terms." See the case of *Young* v. *Pickens*, 49 Ind. 23. In this last case it is said that if " it does not plainly appear by the will to have been the intention of the testator that she should have the provision made by the will, in addition to her right in the lands of her husband, she must elect."

This being the law, does it plainly appear by this will, that it was the intention of the testator that his widow should have the provision made for her in his will in addition to one-third in the remainder of his real estate ? The first item gives her a life-estate in certain real estate, and certain personal property absolutely, with the remainder in that real estate to his children. The second item gives to his children all the balance of his real and personal estate, after the widow " has taken her portion, as the law provides."

This last exception to the devise to his children appears to embrace her portion of the balance of the real as well as the personal estate, which had not been devised to the widow in the first item, and the second item can not be made operative and carried into effect without allowing the widow to take

one-third of the balance of his real estate, as provided by law. We think that a fair construction of the language used in both items of the will makes it plainly appear that it was the intention of the testator to give to his widow the property devised to her in the first item, in addition to what the law would give her in the balance of his property, independent of the will.

The complaint, therefore, stated facts sufficient to constitute a good cause of action, and the answer did not state facts sufficient to constitute a defence. There was no error in overruling the demurrer to the complaint, or in sustaining the demurrer to the answer. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.