Like *v.* Cooper.

for the appellees, and in such case, under the well known rules of this court, we can not disturb their verdict.

Judgment affirmed.

Filed Oct. 8, 1892.

———◆———

No. 15,814.

LIKE *v.* COOPER.

WILL.—*Construction.—Devise to Wife.— When Entitled to Statutory Interest and Special Devise.*—When a husband devised to his wife "in addition to" her statutory interest in his lands, other lands "with the rents and profits for the support of herself and my minor children during her natural lifetime," she was entitled to her legal estate in all of her husband's lands and a life estate in the lands devised. Under section 428, Elliott's Supp.,she is not entitled to both unless it clearly appears, as it does in this instance, that it was the intention of the testator that she should have the lands devised in addition to her statutory interest.

From the Knox Circuit Court.

*G. G. Reily, J. W. Emison* and *O. H. Cobb,* for appellant. *J. W. Boyle, L. A. Meyer* and *B. M. Willoughby,* for appellee.

ELLIOTT, J.—The appellee is the widow of Philip Cooper, deceased, and claims title to the real estate in controversy under the will of her deceased husband. The appellant asserts title to the property, and founds his claim upon a deed executed to him by George W. Cooper, a son and devisee of Philip Cooper, deceased. The question in the case arises upon the will of Philip Cooper, who is the common source of title. The contention of the appellant is that George W. Cooper took all the land described in the devise to him; that of the appellee, Mary J. Cooper, is that the appellant took the land subject to the provision in her favor and that this provision vested

her with the ownership of one undivided third part of the land.

Item first of the will contains these provisions : " I give and devise to my beloved wife, Mary Jane, in addition to her interest in my lands, the farm on which we now reside, also my farm in said township, county and State known as the Terebaugh farm, with the rents and profits, for the support of herself and my minor children during her natural lifetime. At her death I give and bequeath to my son Elijah the 160 acres, embracing the house, also I give and bequeath to my son Clark W. the 180 acres embracing the Terebaugh farm, as above mentioned and described. I give and bequeath to my son George W. eighty acres of land adjoining the farm on which I now reside, the same on which my son James now resides and known as the Conn farm, also the west half of the northeast quarter of section twenty-three, town. two north, of range eight." Various devises to other of his children were made by the testator in substantially the same terms as those employed in the devise to George W. Cooper. The lands devised are all specifically described, but we do not deem it necessary to copy these descriptions, nor do we deem it necessary to refer to the parts of the will giving directions as to the sale of divers parcels of property,

The will recognizes the interest of the wife conferred by law, and manifests an intention to devise to her the lands and estates described in addition to that interest. The clause " in addition to her interest in my lands," occupies a conspicuous place in the instrument, and is clear and unambiguous. It is the general rule that where a devise is made to the wife, and it does not appear that it was the intention of the testator that she should take the estate cast upon her by law, and also that given by the will, she must elect which estate she will take, that given by devise or that created by law. *Hurley* v. *McIver*, 119 Ind. 53; *Shafer* v. *Shafer*, 129 Ind. 394; *Wright* v. *Jones.*

105 Ind. 17; *Young* v. *Pickens,* 49 Ind. 23; *Wetherill* v. *Harris,* 67 Ind. 452. But where the language of the will clearly shows an intention to give to the wife an estate or property in addition to that given her by law, there is no necessity for an election, for she may take under the law, and take also by devise the estate or property specifically devised to her. *Shipman* v. *Keys,* 127 Ind. 353; *Kelly* v. *Stinson,* 8 Blackf. 387; *Ostrander* v. *Spickard,* 8 Blackf, 227; *Lewis* v. *Smith,* 9 N. Y. 502. The rule is thus declared by the statute of 1885: "But she shall not be entitled to both unless it plainly appear by the will to have been the intention of the testator that she should have such lands or pecuniary or other provision thus devised or bequeathed in addition to her rights in the lands of her husband." Elliott's Supp., section 428. This statutory provision is substantially a declaration of the rule recognized and enforced by the decisions of the court, so that the rule governs here, although the will of Philip Cooper may have been effective prior to the enactment of the statute. In the case of *Burkhalter* v. *Burkhalter,* 88 Ind. 368, the rule as we have stated it was approved and applied to a will wherein the first item gave the wife a life-estate in specific property, and the second provided that "I give and bequeath all my estate, real and personal, to my natural heirs. To my children I give to each one an equal portion after my beloved wife has taken her portion according as the law provides."

In the case referred to it was held that the specific devise to the wife was in addition to the estate vested in her by statute. In the case before us we think the intention is more plainly manifested than in the one from which we have quoted. In addition to the clause quoted from the will we have the fact that the life-estate specifically devised to the wife is burdened by the charge in favor of the minor children of the testator, and this indicates that he did not intend to cut her off with that de-

vise. It is presumed, where there is no language requiring a different conclusion, that the testator did not mean to make "an undutiful will," that is, a will denying the rights of those naturally entitled to share in his bounty. If we adopt the appellant's construction of the will, we should be compelled to adjudge that the words "in addition to her interest in my lands" are meaningless, and that the testator intended that all his wife should receive was an estate for life in two tracts of land, and that she should receive it for the support and maintenance of the testator's children. This conclusion is one we are unwilling to adopt. It seems to us that the intention was that, first of all, the wife and mother should have her legal estate in the property unburdened with any charge, and that the son George W. should take the lands given him subject to that legal estate. It is true that the words employed in the devise to George W., if they stood alone or unqualified, are such as would carry to him the entire interest in the land, but it is clear to our minds that the other parts of the will restrict and modify the general words of that devise. It is our judgment that the testator meant that George W. should take the lands subject to the legal estate of the wife and mother, for it appears from the whole will that the testator meant to leave in his wife the legal estate created for her by the law, and that the devises to others should not operate upon that estate. The testator took care at the very outset to give, so far as it was in his power to give, to his wife her full legal estate and having done this, he thenceforth proceeded upon the theory that the estate was safe in her because not operated upon by the other devises contained in the will.

Judgment affirmed.

Filed Oct. 15, 1892.